UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCO MEIER,

      Plaintiff,

v.

GOOGLE LLC, and MARTA MARTINEZ,
Individually,

      Defendants.

Civil Action No. 25-cv-2539

**DEFENDANTS GOOGLE LLC AND MARTA MARTINEZ'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Google LLC and Marta Martinez, (collectively, "Defendants"), by and through their attorneys Littler Mendelson, P.C., as and for their Answer to the Complaint of Marco Meier ("Plaintiff"), filed March 27, 2025 (the "Complaint"), respond as follows:

Defendants deny the allegations in each unnumbered paragraph and heading in the Complaint. Defendants deny any allegations in the Complaint that are not specifically addressed herein. This answer is based upon information currently available to Defendants and they reserve the right to supplement the answer as more information becomes available.

## NATURE OF THE CASE

1.    Defendants deny the allegations contained in Paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

2.    Defendants deny the allegations contained in Paragraph "2" of the Complaint.

3.    Defendants deny the allegations contained in Paragraph "3" of the Complaint.

4.    Defendants deny the allegations contained in Paragraph "4" of the Complaint.

5.    Defendants deny the allegations contained in Paragraph "5" of the Complaint.

6.    Defendants deny the allegations contained in Paragraph "6" of the Complaint.

7.    Defendants deny the allegations contained in Paragraph "7" of the Complaint.

8.    Defendants deny the allegations contained in Paragraph "8" of the Complaint, and

respectfully refer the Court to the alleged November 22, 2022 complaint for a complete and accurate statement of its contents.

9. Defendants deny the allegations contained in Paragraph "9" of the Complaint.

10. Defendants deny the allegations contained in Paragraph "10" of the Complaint, and respectfully refer the Court to the alleged August 30, 2023 complaint for a complete and accurate statement of its contents.

11. Defendant Google admits that Plaintiff was notified on or around January 17, 2024 that his role would be eliminated on April 17, 2024. Defendant Martinez denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's role elimination. Defendants otherwise deny the remaining allegations contained in Paragraph "11" of the Complaint.

12. Defendants deny the allegations contained in Paragraph "12" of the Complaint.

13. Defendants deny the allegations contained in Paragraph "13" of the Complaint.

**JURISDICTION AND VENUE**

14. Defendants deny the allegations contained in Paragraph "14" of the Complaint, except admit that Plaintiff purports that jurisdiction is proper pursuant to 42 U.S.C. § 12101, et seq., and 28 U.S.C. § 1331 and 1343.

15. Defendants deny the allegations contained in Paragraph "15" of the Complaint, except admit that Plaintiff purports that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1391(b).

16. Defendants deny the allegations contained in Paragraph "16" of the Complaint, except admit that Plaintiff purports venue is proper in the United States District Court for the Southern District of New York.

## PROCEDURAL PREREQUISITES

17.     Defendants deny the allegations contained in Paragraph "17" of the Complaint.

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint, except admit that a notice is annexed to the Complaint.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

## PARTIES

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Complaint, except admit that Plaintiff is a male.

21.     Defendants neither admit nor deny the allegations contained in Paragraph "21" of the Complaint, as they consist of legal statements or assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "21" of the Complaint.

22.     Defendants admit the allegations contained in Paragraph "22" of the Complaint.

23.     Defendants admit the allegations contained in Paragraph "23" of the Complaint.

24.     Defendants deny the allegations contained in Paragraph "24" of the Complaint, except admit that Plaintiff was assigned to work at one of Google's New York offices, located at 111 8th Avenue, New York, NY 10011.

25.     Defendants deny the allegations contained in Paragraph "25" of the Complaint, except admit that Defendant Martinez worked for Google in various positions during the time period relevant herein.

26.     Defendants deny the allegations contained in Paragraph "26" of the Complaint,

3

except admit that Plaintiff worked for Defendant Google.

27.    Defendants admit the allegations contained in Paragraph "27" of the Complaint.

28.    Defendants neither admit nor deny the allegations contained in Paragraph "28" of the Complaint, as they consist of legal statements or assertions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "28" of the Complaint.

## MATERIAL FACTS

29.    Defendants deny the allegations contained in Paragraph "29" of the Complaint.

30.    Defendants deny the allegations contained in Paragraph "30" of the Complaint, except admit that Plaintiff's direct supervisors during his employment at Defendant Google were Defendant Martinez and Stephen Yap.

31.    Defendants admit the allegations contained in Paragraph "31" of the Complaint.

32.    Defendants deny the allegations contained in Paragraph "32" of the Complaint.

33.    Defendants deny the allegations contained in Paragraph "33" of the Complaint.

34.    Defendants deny the allegations contained in Paragraph "34" of the Complaint, except admit that Plaintiff was promoted during his employment with Google.

35.    Defendants deny the allegations contained in Paragraph "35" of the Complaint, except admit that Plaintiff received periodic salary increases during the time period relevant herein.

36.    Defendants deny the allegations contained in Paragraph "36" of the Complaint.

37.    Defendants deny the allegations contained in Paragraph "37" of the Complaint.

38.    Defendants deny the allegations contained in Paragraph "38" of the Complaint.

39.    Defendants deny the allegations contained in Paragraph "39" of the Complaint.

40.    Defendants deny the allegations contained in Paragraph "40" of the Complaint, except admit that Defendant Martinez gifted her direct reports an annual membership to StepUp.

41.    Defendants deny knowledge or information sufficient to form a belief as to whether Plaintiff thought the gift was "strange," and admit that Plaintiff did not make any comments about the gift to Defendants, as alleged in Paragraph "41" of the Complaint.

42.    Defendants deny the allegations contained in Paragraph "42" of the Complaint.

43.    Defendants deny the allegations contained in Paragraph "43" of the Complaint.

44.    Defendants deny the allegations contained in Paragraph "44" of the Complaint.

45.    Defendants deny the allegations contained in Paragraph "45" of the Complaint.

46.    Defendants deny the allegations contained in Paragraph "46" of the Complaint.

47.    Defendants deny the allegations contained in Paragraph "47" of the Complaint.

48.    Defendants deny the allegations contained in Paragraph "48" of the Complaint.

49.    Defendants deny the allegations contained in Paragraph "49" of the Complaint.

50.    Defendants deny the allegations contained in Paragraph "50" of the Complaint.

51.    Defendants deny the allegations contained in Paragraph "51" of the Complaint.

52.    Defendants deny the allegations contained in Paragraph "52" of the Complaint.

53.    Defendants deny the allegations contained in Paragraph "53" of the Complaint.

54.    Defendants deny the allegations contained in Paragraph "54" of the Complaint.

55.    Defendants deny the allegations contained in Paragraph "55" of the Complaint, and respectfully refer the Court to the alleged email from Mr. Boone for a complete and accurate statement of its contents.

56.    Defendants deny the allegations contained in Paragraph "56" of the Complaint.

57.    Defendants deny the allegations contained in Paragraph "57" of the Complaint.

58.    Defendants deny the allegations contained in Paragraph "58" of the Complaint.

59.    Defendants deny the allegations contained in Paragraph "59" of the Complaint.

60.    Defendants deny the allegations contained in Paragraph "60" of the Complaint,

except deny knowledge or information sufficient to form a belief as to what a former "Head of Industry" may have "stated" to Plaintiff.

61.     Defendants deny the allegations contained in Paragraph "61" of the Complaint, and respectfully refer the Court to the November 21, 2022 complaint for a complete and accurate statement of its contents.

62.     Defendant Google admits the allegations contained in Paragraph "62" of the Complaint. Defendant Martinez denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "62" of the Complaint.

63.     Defendants deny the allegations contained in Paragraph "63" of the Complaint.

64.     Defendants deny the allegations contained in Paragraph "64" of the Complaint.

65.     Defendants deny the allegations contained in Paragraph "65" of the Complaint.

66.     Defendants deny the allegations contained in Paragraph "66" of the Complaint.

67.     Defendants deny the allegations contained in Paragraph "67" of the Complaint, except admit that Defendant Google did not discipline Defendant Martinez because Defendant Google could not substantiate that Defendant Martinez subjected Plaintiff to discrimination or retaliation.

68.     Defendants deny the allegations contained in Paragraph "68" of the Complaint.

69.     Defendants deny the allegations contained in Paragraph "69" of the Complaint.

70.     Defendants deny the allegations contained in Paragraph "70" of the Complaint.

71.     Defendants deny the allegations contained in Paragraph "71" of the Complaint, except admit that Plaintiff emailed Defendant Martinez after the meeting in an attempt to contest Defendant Martinez's assessment of Plaintiff's performance.

72.     Defendants deny the allegations contained in Paragraph "72" of the Complaint.

73.     Defendants deny the allegations contained in Paragraph "73 of the Complaint, and

respectfully refer the Court to the alleged August 30, 2023 complaint for a complete and accurate statement of its contents.

74.    Defendants deny the allegations contained in Paragraph "74" of the Complaint, and respectfully refer the Court to the September 5, 2023 email for a complete and accurate statement of its contents.

75.    Defendants deny the allegations contained in Paragraph "75" of the Complaint, and respectfully refer the Court to the November 13, 2023 email for a complete and accurate statement of its contents.

76.    Defendants deny the allegations contained in Paragraph "76" of the Complaint, except admit that Plaintiff was given notice of his role elimination on or around January 17, 2024.

77.    Defendants admit the allegations contained in Paragraph "77" of the Complaint.

78.    Defendants deny that Plaintiff lost unvested equity, stock, and health and life insurance benefits due to "discriminatory conduct and retaliation," as alleged in Paragraph "78" of the Complaint.

79.    Defendants deny the allegations contained in Paragraph "79" of the Complaint.

80.    Defendants deny the allegations contained in Paragraph "80" of the Complaint, except admit that Emily Smith and Jessica Quasim were not impacted by the reorganization that resulted in Plaintiff's role being eliminated.

81.    Defendants deny the allegations contained in Paragraph "81" of the Complaint.

82.    Defendants deny the allegations contained in Paragraph "82" of the Complaint.

83.    Defendants deny the allegations contained in Paragraph "83" of the Complaint.

84.    Defendants deny the allegations contained in Paragraph "84" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of what "one of Plaintiff's direct reports" "stated" to Plaintiff about his termination.

7

85. Defendants deny the allegations contained in Paragraph "85" of the Complaint, except deny knowledge of information sufficient to form a belief as to the truth of what others stated to Plaintiff about his termination.

86. Defendants deny the allegations contained in Paragraph "86" of the Complaint, except deny knowledge or information sufficient to form a belief as to whether the individuals identified therein "shared the same sentiment of sadness of Plaintiff's termination, and admiration for Plaintiff," and advised Plaintiff "they are unhappy with their new managers."

87. Defendants deny the allegations contained in Paragraph "87" of the Complaint, and respectfully refer the Court to the alleged March 21, 2024 email for a complete and accurate statement of its contents.

88. Defendants deny the allegations contained in Paragraph "88" of the Complaint, and respectfully refer the Court to the alleged March 22, 2024 email for a complete and accurate statement of its contents.

89. Defendant Google denies the allegations contained in Paragraph "89" of the Complaint. Defendant Martinez denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "89" of the Complaint.

90. Defendants deny the allegations contained in Paragraph "90" of the Complaint.

91. Defendants deny the allegations contained in Paragraph "91" of the Complaint.

92. Defendants deny the allegations contained in Paragraph "92" of the Complaint.

93. Defendants deny the allegations contained in Paragraph "93" of the Complaint.

94. Defendants deny the allegations contained in Paragraph "94" of the Complaint.

95. Defendants deny the allegations contained in Paragraph "95" of the Complaint.

96. Defendants deny the allegations contained in Paragraph "96" of the Complaint.

97. Defendants deny the allegations contained in Paragraph "97" of the Complaint.

## FIRST CAUSE OF ACTION
## FOR SEX DISCRIMINATION UNDER TITLE VII

98. For their answer to Paragraph "98" of the Complaint, Defendants incorporate by reference their answers to Paragraphs "1" through "97" of the Complaint, as it fully set forth herein.

99. Defendants deny the allegations contained in Paragraph "99" of the Complaint, and respectfully refer the Court to 42 U.S.C. Section 2000e-2(a)(1) for a complete and accurate statement of its contents.

100. Defendants deny the allegations contained in Paragraph "100" of the Complaint.

101. Defendants deny the allegations contained in Paragraph "101" of the Complaint.

102. Defendants deny the allegations contained in Paragraph "102" of the Complaint.

103. Defendants deny the allegations contained in Paragraph "101" of the Complaint.

104. Defendants deny the allegations contained in Paragraph "102" of the Complaint.

## SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII

105. For their answer to Paragraph "105" of the Complaint, Defendants incorporate by reference their answers to Paragraphs "1" through "104" of the Complaint, as it fully set forth herein.

106. Defendants deny the allegations contained in Paragraph "106" of the Complaint, and respectfully refer the Court to 42 U.S.C. Section 2000e-3(a) for a complete and accurate statement of its contents.

107. Defendants deny the allegations contained in Paragraph "107" of the Complaint.

108. Defendants deny the allegations contained in Paragraph "108" of the Complaint.

109. Defendants deny the allegations contained in Paragraph "109" of the Complaint.

110. Defendants deny the allegations contained in Paragraph "110" of the Complaint.

111. Defendants deny the allegations contained in Paragraph "111" of the Complaint.

112.    Defendants deny the allegations contained in Paragraph "112" of the Complaint.

**THIRD CAUSE OF ACTION**
**FOR SEX DISCRIMINATION UNDER THE NYSHRL**

113.    For their answer to Paragraph "113" of the Complaint, Defendants incorporate by reference their answers to Paragraphs "1" through "112" of the Complaint, as it fully set forth herein.

114.    Defendants deny the allegations contained in Paragraph "114" of the Complaint, and respectfully refer the Court to New York Executive Law Section 296(1)(a) for a complete and accurate statement of its contents.

115.    Defendants deny the allegations contained in Paragraph "115" of the Complaint.

116.    Defendants deny the allegations contained in Paragraph "116" of the Complaint.

117.    Defendants deny the allegations contained in Paragraph "117" of the Complaint.

118.    Defendants deny the allegations contained in Paragraph "118" of the Complaint.

119.    Defendants deny the allegations contained in Paragraph "119" of the Complaint.

**FOURTH CAUSE OF ACTION**
**FOR RETALIATION UNDER THE NYSHRL**

120.    For their answer to Paragraph "120" of the Complaint, Defendants incorporate by reference their answers to Paragraphs "1" through "119" of the Complaint, as it fully set forth herein.

121.    Defendants deny the allegations contained in Paragraph "121" of the Complaint, and respectfully refer the Court to New York Executive Law Section 296 for a complete and accurate statement of its contents.

122.    Defendants deny the allegations contained in Paragraph "122" of the Complaint.

123.    Defendants deny the allegations contained in Paragraph "123" of the Complaint.

124.    Defendants deny the allegations contained in Paragraph "124" of the Complaint.

125.    Defendants deny the allegations contained in Paragraph "125" of the Complaint.

126.    Defendants deny the allegations contained in Paragraph "126" of the Complaint.

127.    Defendants deny the allegations contained in Paragraph "127" of the Complaint.

128.    Defendants deny the allegations contained in Paragraph "128" of the Complaint.

### FIFTH CAUSE OF ACTION
### FOR SEX DISCRIMINATION UNDER THE NYCHRL

129.    For their answer to Paragraph "129" of the Complaint, Defendants incorporate by reference their answers to Paragraphs "1" through "128" of the Complaint, as it fully set forth herein.

130.    Defendants deny the allegations contained in Paragraph "130" of the Complaint, and respectfully refer the Court to New York City Administrative Code Section 8-107(1) for a complete and accurate statement of its contents.

131.    Defendants deny the allegations contained in Paragraph "131" of the Complaint.

132.    Defendants deny the allegations contained in Paragraph "132" of the Complaint.

133.    Defendants deny the allegations contained in Paragraph "133" of the Complaint.

134.    Defendants deny the allegations contained in Paragraph "134" of the Complaint.

135.    Defendants deny the allegations contained in Paragraph "135" of the Complaint.

### SIXTH CAUSE OF ACTION
### FOR RETALIATION UNDER THE NYCHRL

136.    For their answer to Paragraph "136" of the Complaint, Defendants incorporate by reference their answers to Paragraphs "1" through "135" of the Complaint, as it fully set forth herein.

137.    Defendants deny the allegations contained in Paragraph "137" of the Complaint, and respectfully refer the Court to New York City Administrative Code Section 8-107(7) for a complete and accurate statement of its contents.

138.     Defendants deny the allegations contained in Paragraph "138" of the Complaint.

139.     Defendants deny the allegations contained in Paragraph "139" of the Complaint.

140.     Defendants deny the allegations contained in Paragraph "140" of the Complaint.

141.     Defendants deny the allegations contained in Paragraph "141" of the Complaint.

142.     Defendants deny the allegations contained in Paragraph "142" of the Complaint.

143.     Defendants deny the allegations contained in Paragraph "143" of the Complaint.

144.     Defendants deny the allegations contained in Paragraph "144" of the Complaint.

## JURY DEMAND

145.     Defendants admit that Plaintiff purports to seek a trial by jury but deny that Plaintiff is entitled to a jury trial based on each and every claim asserted in this action.

Defendants admit that Plaintiff purports to seek the relief described in the unnumbered "WHEREFORE" clause of the Complaint but deny that Plaintiff is entitled to any such relief.

## GENERAL DENIAL

Any allegation in the Complaint that is not expressly admitted herein is denied.

## DEFENSES

Without admitting any of the allegations asserted in the Complaint, and expressly denying any and all wrongdoing, Defendants assert the following defenses. Nothing stated in the any of the following defenses constitutes a concession that Defendants bear the burden of proof on any issue on which it would not otherwise bear such burden. Defendants further intend to rely on any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserve the right to amend this Answer to assert all such defenses.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Upon information and belief, some or all of Plaintiff's claims are barred by the applicable statutes of limitations and/or failure to exhaust administrative remedies and/or other statutory or other provisions of law.

**THIRD DEFENSE**

Any action alleged that purportedly adversely affected Plaintiff was taken in good faith and for legitimate business reasons and without evil motive, willfulness, malice, or reckless indifference toward Plaintiff.

**FOURTH DEFENSE**

Defendants at all times acted in good faith and with reasonable grounds to believe that they were not violating Title VII, NYSHRL, NYCHRL, or any other anti-discrimination or anti-retaliation law or statute, or any legal duty owed to Plaintiff.

**FIFTH DEFENSE**

Defendants engaged in good faith efforts to prevent and correct unlawful discrimination/retaliation and to comply with the applicable anti-discrimination/retaliation laws.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that the conduct about which he complains in his Complaint may reasonably be construed as no more than petty slights or trivial inconveniences.

**SEVENTH DEFENSE**

Plaintiff's remedies are barred to the extent that he failed to mitigate his damages.

**EIGHTH DEFENSE**

Plaintiff is not entitled to punitive damages because at no time did Defendants engage in discriminatory practices with reckless indifference to Plaintiff's rights.

### NINTH DEFENSE

Defendants' decisions and actions, or failures to act, if any, with respect to Plaintiff were justified by legitimate non-discriminatory, non-retaliatory reasons and were made in good faith and in compliance with all applicable laws, without malice, and wholly without regard to Plaintiff's alleged protected class status or purported protected activity.

### TENTH DEFENSE

Plaintiff's injuries, suffering or damages, if any, were caused by his own conduct and not by any violation by Defendants of any legal duty owed by Defendants to Plaintiff.

### ELEVENTH DEFENSE

The employment decisions with respect to Plaintiff were based on reasonable factors other than Plaintiff's gender/sex or alleged protected activity.

### TWELFTH DEFENSE

In the event Plaintiff can demonstrate that discrimination or retaliation was a motivating factor in any alleged employment decision that he challenges, which is expressly denied, he is not entitled to money damages or other relief because Defendants would have taken the same action in the absence of any such impermissible factor.

### THIRTEENTH DEFENSE

To the extent it may later be determined that any person committed unlawful acts as alleged in the Complaint, which is expressly denied, such acts were committed without the Defendants' knowledge or their authorization, ratification or notification, and to the extent that Defendant Google employed such persons, those acts were outside the scope of any such employee's duties. Accordingly, Google is not liable under the doctrine of *respondeat superior* or otherwise for the alleged unlawful acts and conduct of any such persons.

### FOURTEENTH DEFENSE

To the extent Plaintiff engaged in conduct, which if known to Defendants would have

14

resulted in the termination of his employment with Defendant Google, Plaintiff's entitlement to damages is barred, in whole or in part, by the after-acquired evidence doctrine.

**FIFTEENTH DEFENSE**

Upon information and belief, Plaintiff's claims should be dismissed, in whole or in part, because he is estopped as to such claims by his own actions, ratification, bad faith, laches, and/or waiver.

**SIXTEENTH DEFENSE**

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTEENTH DEFENSE**

Plaintiff's alleged injuries and/or damages, if any, were not caused by any act or omission of Defendants.

**EIGHTEENTH DEFENSE**

The claims in the Complaint asserted against Defendants, including claims for any emotional injuries or distress incurred in the course and scope of Plaintiff's employment, including any claims for recovery of medical costs or expenses allegedly incurred, are barred by the exclusive remedy provisions of the New York Workers' Compensation Law.

**NINTEENTH DEFENSE**

Without conceding in any way the allegations of the Complaint, at all times relevant to the facts herein, Defendant Google maintained and enforced policies prohibiting discrimination and retaliation, provided procedures through which employees can notify it of violations and/or perceived violations of these policies, properly investigated complaints of discrimination and/retaliation, and have taken corrective action where appropriate.

**TWENTIETH DEFENSE**

Some or all of Plaintiff's claims are barred because Defendants exercised reasonable care

15

to prevent and correct promptly any discriminatory and/or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities and procedures provided by Defendants or otherwise to avoid harm.

## TWENTY-FIRST DEFENSE

Defendants' decisions and actions, or failures to act, if any, with respect to Plaintiff were predicated upon grounds other than Plaintiff's purported complaints or exercise of any rights protected under applicable law.

## TWENTY-SECOND DEFENSE

Defendant Martinez cannot be held liable under Title VII (or any other employment discrimination and/or retaliation statute) because Defendant Martinez did not constitute Plaintiff's "employer" as defined by such statute(s).

**WHEREFORE,** Defendants deny that Plaintiff is entitled to judgment in any amount whatsoever, and respectfully submit that the entire Complaint should be dismissed in its entirety on the merits and w*ith prejudice*, and that Defendants be awarded their costs incurred in defending this lawsuit, including their reasonable attorneys' fees, as well as such other legal and equitable relief as the Court deems just and proper.

Dated:  June 24, 2025

**LITTLER MENDELSON, P.C.**

*/s/ Daniel Gomez-Sanchez*

Daniel Gomez-Sanchez
Joseph A. Gusmano
290 Broadhollow Road, Suite 305
Melville, New York 11747
Telephone:    631.247.4700
dsgomez@littler.com
jgusmano@littler.com

*Attorneys for Defendants GOOGLE LLC, and
MARTA MARTINEZ*

4917-9897-1728.1 / 048891.1057

16