

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, New York 11747

Daniel Gomez-Sanchez
Shareholder
631.247.4713 direct
631.247.4700 main
631.824.9249 fax
dsgomez@littler.com

**VIA ECF**

January 23, 2026

Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    Meier v. Google, LLC, et al.
       Docket No. 25 cv 2539 (PAE) (OTW)

Dear Judge Engelmayer:

As the Court is aware, we represent Defendants Google LLC and Marta Martinez (collectively, "Defendants") in the above referenced matter. Pursuant to Your Honor's Individual Rule 2(C), Defendants respectfully request a pre-motion conference to seek a protective order precluding Plaintiff from taking the deposition of Sean Downey, President, Americas & Global Partners at Google LLC.

Defendants seek a protective order to prevent the deposition of Mr. Downey.[1] The parties have met and conferred on this issue, most recently on January 20, 2026 and January 22, 2026, and could not reach an agreement. As such, Defendants now seek the assistance of the Court to abbreviate needless discovery.

Mr. Downey is a senior executive whose position warrants the application of the apex doctrine to bar his deposition. The Court must limit discovery where the discovery sought "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C). The apex doctrine arises from this principle and provides an "additional layer of protection for senior corporate executives subject to depositions." *Iowa Pub. Emps.' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 17 Civ. 6221 (KPF), 2020 WL 6273396, at *1 (S.D.N.Y. Aug. 28, 2020). In deciding whether to prevent depositions of executives, Courts consider "the likelihood

---

[1] Plaintiff has noticed seven depositions, including that of Mr. Downey. Plaintiff also noticed the depositions of Defendant Marta Martinez, nonparties Audrey Eveillard, Christina Mohebbi, Nadia Carta, Stephen Yap, and a 30(b)(6) witness.

Honorable Paul A. Engelmayer
January 20, 2026
Page 2

that the individual possesses relevant knowledge, whether another source could provide identical information, the possibility of harassment, and the potential disruption of business." *Hallmark Licensing LLC v. Dickens Inc.*, 17-CV-2149 (SJF)(AYS), 2018 WL 6573435, at *4-5 (E.D.N.Y. Dec. 13, 2018). Plaintiff must show the executive has "unique evidence, personal knowledge of the claims at issue, or that other witnesses are incapable of providing testimony about the conduct alleged" to show that the deposition is necessary. *Iowa Pub. Emps.' Ret. Sys.*, 2020 WL 6273396, at *1; *see also Harpeti v. CBS Television Stations Inc.*, 21 Misc. 680 (PAE), 2021 WL 3932424, at *2 (S.D.N.Y Sept. 2, 2021). Courts may also grant protective orders for depositions where a party has not attempted to obtain information from lower-level employees first. *Iowa Pub. Emps.' Ret. Sys.*, 2020 WL 6273396, at *1.

Mr. Downey has no personal or unique knowledge relevant to this action. Indeed, when asked about the relevance of Mr. Downey's deposition, Plaintiff's counsel responded that it was necessary because he supervised Marta Martinez and, thus, must have been involved in the decision to promote female employees. He also speculates that Mr. Downey must have relevant knowledge because he purportedly "oversaw" Google LLC's promotion process from 2019 to 2022. Such suppositions, which support is grounded in an assumption, not fact, lends support to Defendants' application. Plaintiff has served no interrogatories, requests for admission, or other targeted discovery aimed at identifying the individuals who "oversaw" or had "first-hand knowledge" of the promotion process. Nor has he deposed less-senior employees or Google's 30(b)(6) witness before seeking this deposition. His failure to pursue these less burdensome avenues does not entitle him to leapfrog directly to the deposition of a senior executive.

To be sure, Mr. Downey, whose name does not appear in the Complaint, did not directly supervise Plaintiff, did not participate in the events giving rise to Plaintiff's allegations, and was not the decisionmaker regarding Plaintiff's termination. During all relevant periods, Plaintiff reported to Marta Martinez and Stephen Yap, both of whom stopped reporting to Mr. Downey well before Plaintiff's termination.  Defendants have already agreed to make Ms. Martinez available for a deposition.  Mr. Yap is no longer under Google LLC's control and Plaintiff has been so advised. These witnesses are the appropriate sources of testimony regarding all issues central to Plaintiff's claims. Plaintiff has identified no document, communication or allegation suggesting that Mr. Downey has any personal involvement, unique insight, or knowledge unavailable through the individuals who directly supervised Plaintiff. Accordingly, a deposition of Mr. Downey would be unreasonably cumulative and duplicative of other depositions. Moreover, the significant business disruption to Google LLC to require Mr. Downey to take days out of his schedule for deposition preparations and the deposition itself.  As such, the Court should preclude Plaintiff from taking Mr. Downey's deposition.

In sum, Plaintiff's request to depose Mr. Downey is unreasonably cumulative and would create an unreasonable business disruption to Google. For all these reasons, Defendants seek a protective order to preclude Plaintiff from taking Mr. Downey's deposition.

We thank the Court for its consideration of this request.

Honorable Paul A. Engelmayer
January 20, 2026
Page 3

Respectfully submitted,

Littler Mendelson, P.C.

*/s/ Daniel Gomez-Sanchez*

Daniel Gomez-Sanchez
Joseph A. Gusmano

littler.com