

Littler Mendelson, P.C.
290 Broadhollow Road
Suite 305
Melville, New York 11747


Daniel Gomez-Sanchez
Shareholder
631.247.4713 direct
631.247.4700 main
631.824.9249 fax
dsgomez@littler.com

January 23, 2026


**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    Marco Meier v. Google LLC and Marta Martinez
       Civil Action No. 1:25-cv-02539-PAE

Dear Judge Engelmayer:

This law firm represents Defendants Google LLC and Marta Martinez (collectively, "Defendants") in the above-referenced action. We write pursuant to Your Honor's Individual Rule 1.E to respectfully request a sixty-day extension of time to complete fact discovery in this action.

As Defendants represented at the Initial Conference before Your Honor on November 4, 2025, this case involves substantial and multi-layered discovery, including extensive electronically stored information ("ESI"). Defendants have proceeded in good faith and with diligence since the outset to advance discovery as efficiently as possible within the parameters established by the Court.

To date, the Parties have exchanged initial disclosures, written discovery requests, objections and responses thereto, and initial document productions. The Parties have also been actively engaged in negotiating a Confidentiality Stipulation and Proposed Protective Order, which is close to being finalized. Once entered, the Protective Order will permit the Parties to make additional—and more fulsome— productions, including materials that cannot be produced absent appropriate confidentiality protections.

In parallel, Defendants circulated a proposed ESI protocol on January 14 and received Plaintiff's comments and proposed revisions on January 21. Once finalized, the Parties must meet and confer regarding custodians and search terms, conduct initial ESI culling, assess the scope and burden of the results, engage in further meet-and-confer efforts to refine parameters where appropriate, and then undertake review, analysis, and production of what is expected to be a significant volume of ESI controlled by both parties.

Hon. Paul A. Engelmayer
January 23, 2026
Page 2

These steps are unavoidable, sequential, and inherently time-intensive, even where, as here, all parties are acting diligently and cooperatively.

Depositions cannot meaningfully proceed until this process is substantially complete. To date, Defendants have noticed one deposition and intend to serve subpoenas ad testificandum on at least five individuals from whom Plaintiff has recently obtained and/or produced witness statements. Defendants are also now likely to file an application for letters rogatory due to one such witnesses being located in Canada, and will likely have to conduct that witness's deposition in Canada, provided this Court issues the letters rogatory and a Canadian court permits. Plaintiff, on the other hand, has noticed seven depositions.[1] Given the number of anticipated depositions and the volume of discovery that must be completed beforehand, Defendants do not believe—despite best efforts by both outside counsel and Google's in-house litigation team—that all fact discovery can reasonably be completed by the current deadline of March 4, 2026.

This request is not borne of delay or lack of diligence. This case is staffed by four attorneys from this firm and supported by four additional members of Google's in-house litigation team. Despite these resources, the sequencing and volume of anticipated remaining discovery make the current deadline impracticable.

Defendants therefore respectfully request that the deadline to complete fact discovery be extended by sixty days, from March 4, 2026, to May 4, 2026. Because this extension would impact other dates in the Court's Civil Case Management Plan and Scheduling Order, Defendants attach as **Exhibit A** a proposed amended schedule extending remaining deadlines by sixty days.

Plaintiff's counsel does not consent to this request and has advised that consent is being withheld because Plaintiff is "content" with the existing discovery schedule and intends to schedule a personal vacation after the current discovery cutoff.[2] Rather, Plaintiff would only be willing to consent to a three-week extension of time. Respectfully, Plaintiff's position reflects a disregard for the objective realities of this case and the substantial discovery that remains outstanding. Plaintiff's scheduling preferences do not alter the volume, sequencing requirements, or logistical constraints of ESI discovery and multiple depositions, nor do they justify forcing an artificially compressed and unworkable discovery schedule.

Defendants submit that the requested extension is reasonable, proportional, and necessary to ensure that discovery is completed in an orderly and meaningful manner We thank the Court for its time and consideration of this request.

GRANTED.

SO ORDERED.

Respectfully submitted,

/s/ Daniel Gomez-Sanchez
Daniel Gomez-Sanchez

_____
PAUL A. ENGELMAYER
United States District Judge

January 27, 2026
New York, New York

---

[1] One such deposition noticed by Plaintiff is for Sean Downey, Google's President of Americas & Global Partners. Defendants anticipate filing a motion for a protective order shielding Mr. Downey from deposition pursuant to the Apex deposition doctrine.

[2] Defendants are sympathetic to Plaintiff's counsel's desire to take a vacation. Indeed, one of the primary members of the litigation team will also be on a vacation abroad from February 11 through February 19.