

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, New York 11747


Daniel Gomez-Sanchez
Shareholder
631.247.4713 direct
631.247.4700 main
631.824.9249 fax
dsgomez@littler.com

February 24, 2026

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Marco Meier v. Google LLC and Marta Martinez*
      Civil Action No. 1:24-cv-02539-PAE

Dear Judge Engelmayer:

This firm represents Defendants Google LLC and Marta Martinez (collectively, "Defendants") in the above-referenced action. Defendants respectfully petition this Court, pursuant to 28 U.S.C. § 1781(b)(2), for the issuance of Letter Rogatory in the form attached hereto as **Exhibit A**, addressed to the Appropriate Judicial Authority of Canada, requesting assistance in serving the designated recipient. Defendants also attach a Proposed Order Granting Applicants' Motion for the Issuance of Letter Rogatory as **Exhibit B**.

Letters rogatory are the mechanism through which a United States court may formally request that a foreign court lend its judicial assistance in obtaining evidence. *See* 28 U.S.C. § 1781(b)(2); *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012). This Court has the authority to issue letters rogatory to a judicial authority in Canada. *See Villella v. Chem. & Mining Co. of Chile, Inc.*, No. 15 Civ. 2106 (ER), 2019 U.S. Dist. LEXIS 5926 (S.D.N.Y. Jan. 11, 2019) (granting letters of request to aid in discovery); *Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. 04 Civ. 7028 (GEL), 2005 U.S. Dist. LEXIS 9769, at *1 (S.D.N.Y. May 17, 2005) (same). Although Canada is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, "[c]ourts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby*, 2005 U.S. Dist. LEXIS9769, at *1 (citing *Elliott Assocs., L.P. v. Republic of Peru*, No. 96 Civ. 7917 (RWS), 1997 U.S. Dist. LEXIS 11185, at *2 (S.D.N.Y. Aug. 1, 1997)). *See also In re. Zinc Antitrust Litigation*, Case No. 2:14-cv-3728 (PAE) (granting letters rogatory in Canada); Oklahoma Steel & Wire Co., Inc. v. Glencore Xstrata, PLC, 2:14-cv-4290 (PAE) (same).

Hon. Paul A. Engelmayer
February 24, 2026
Page 2

The legal standard for obtaining letters rogatory is "[n]o higher" than the standard for obtaining third-party discovery from a domestic entity using a subpoena. *Netherby*, 2005 U.S. Dist. LEXIS 9769, at *1. Relevance for purposes of discovery is an "extremely broad concept." *Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC) (JCF), 2014 U.S. Dist. LEXIS 45401, at *12 (S.D.N.Y. Mar. 31, 2014) (internal citation omitted). Information "relevant to any party's claim or defense and proportional to the needs of the case" is discoverable. Fed. R. Civ. P. 26(b)(1); *Lantheus Med. Imaging, Inc.*, 841 F. Supp. 2d 769 ("In considering the issuance of letters rogatory, U.S. courts apply the discovery principles contained in Rule 26").

Here, the requested testimony of Mr. Daniel McPhee, a former Google employee, is directly relevant to the claims and defenses in this action. Plaintiff Marco Meier has identified Mr. McPhee as a person with knowledge and information of the allegations contained in the Complaint. Plaintiff has also identified Mr. McPhee as an individual with whom he communicated regarding those allegations (and produced text messages reflecting those communications), and as a person who has provided him with an oral, written, or recorded statement that may be presented at trial. Additionally, Plaintiff asserts that Mr. McPhee was present when Ms. Martinez allegedly told Plaintiff that "[m]en are too aggressive and too competitive." *See* Amended Complaint, ECF 39, ¶ 47.

Because Plaintiff relies on Mr. McPhee as a witness, Defendants are entitled to inquire into all relevant communications between Plaintiff and Mr. McPhee, including his confidential witness statement provided to Plaintiff, his remarks to the press, his experiences and interactions with Ms. Martinez while he was employed by Google, and his role and knowledge as a witness in this case.

For these reasons, Defendants respectfully request that the Court sign Defendants' proposed Letter Rogatory so that it may be issued to the appropriate judicial authority in Canada.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Daniel Gomez-Sanchez*

Daniel Gomez-Sanchez
Joseph Gusmano