UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO MEIER,<br><br>            Plaintiff,<br><br>       -against-<br><br>GOOGLE, LLC., and MARTA MARTINEZ, Individually,<br><br>            Defendants. | Case No. 1:25-cv-02539 (PAE)<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION** |

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, subject to the parties' Confidentiality Stipulation and Protective Order ("Protective Order"), and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter, including pursuant to Local Civil Rule 26.4(a).

**3. PROPORTIONALITY**

Parties are expected to use reasonable, good faith, and proportional efforts to preserve, identify, and produce relevant information consistent with Fed. R. Civ. P. 26(b)(1). This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery, and other parameters to limit and guide preservation and discovery issues. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

**4. COST-SHIFTING**

As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. A party's meaningful compliance with this Order and efforts

to promote efficiency and reduce costs will be considered in cost-shifting determinations. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

5. **LIAISON**

The parties may identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties may rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

6. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between January 1, 2019 and April 30, 2024 will be preserved;

b) The parties have discussed the types of ESI they believe should be preserved and shall identify custodians. The parties shall add or remove custodians as reasonably necessary;

c) The following data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced:

    1. backup systems and/or tapes used for disaster recovery; and

    2. systems no longer in use that cannot be accessed.

d) Among the sources of data the parties agree are not reasonably accessible or not proportional to the needs of the case, the parties agree not to preserve the following:

    1. automatically saved versions of documents and emails;

    2. deleted, slack, fragmented, or other data accessible only by forensics;

    3. systems, server and network logs;

    4. random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

    5. on-line access data such as temporary internet files, history, cache, cookies, and the like;

    6. dynamic fields of databases or log files that are not retained in the usual course of business; and

    7. data in metadata fields that are frequently updated automatically, such as last opened dates.

e) The parties will preserve non-duplicative, relevant ESI, solely for Plaintiff Marco Meier, individual Defendant Marta Martinez, Audrey Eveillard, and Stephen Yap, from the following data sources if the parties become aware such ESI exists:

    1. Voice messages;

    2. Data stored on hard drives, mobile devices, personal digital assistants, and tablets;

    3. Video and audio recordings.

**7. SEARCH**

a) The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer in order to identify ESI that is subject to production in discovery.

b) The parties have agreed/will agree to filter out ESI that is not subject to discovery. Each party will use its best efforts to filter out system files, unprocessable files, non-human generated files, application executable files, Bin files, PSTs, archive files, and P7S files through a commercially recognized hash identification process or other filtering methods. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list.

c) A party is required to produce only a single copy of a responsive document, and a party may de-duplicate responsive ESI across custodians. A party may also de-duplicate email threads and attachments as follows: In an email thread, only the most inclusive responsive email in a thread will be produced. The parties agree that removal of available lesser-included emails from potential

production will reduce all parties' costs of document review, production, and litigation-support hosting, and when producing the most inclusive email in a thread, the parties need not also produce lesser-included emails in the thread, unless a lesser-included email includes a unique responsive attachment. An attachment is a file associated with an email for retention and storage as a single message unit.

d) Nothing in this Protocol shall be construed or interpreted as precluding a producing party from identifying, collecting, searching, or performing review and analysis, including the use of Technology Assisted Review (TAR), to determine if a document is in fact responsive to the requesting party's request or is privileged or otherwise protected. Further, any document that is in good faith reasonably deemed not responsive to the requesting party's request, or is privileged or otherwise protected, may be withheld.

e) Hyperlinks are not attachments and the extent to which linked content is collected, reviewed and produced will depend primarily on whether it independently meets the collection and search criteria for this action, the linked content is within the possession, custody, or control of the producing party, is responsive and not privileged, and is not otherwise subject to any other limitations in this Order. To the extent linked documents are produced, they will be produced in the form they exist at the time of collection.

8. PRODUCTION FORMATS

The parties agree to produce documents in searchable .PDF file format. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties will not produce non-responsive attachments that are attached to responsive emails. However, if any attachment to an email contains responsive content, then the cover email shall be produced if not privileged, regardless of the cover email's responsiveness.

9. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI, including the possibility of rolling productions. Following the

initial production, the parties will continue to prioritize the order of subsequent productions.

### 10. DOCUMENTS PROTECTED FROM DISCOVERY

a) Activities undertaken in compliance with the duty to preserve information are protected from discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

b) Nothing in this Agreement shall be interpreted to require disclosure of non-responsive information or responsive information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

c) Nothing in this Agreement shall be construed or interpreted as precluding a producing party from performing review and analysis, including the use of Technology Assisted Review (TAR), to determine if a document is in fact relevant to the requesting party's request or is privileged or otherwise protected. Further, any document that is in good faith reasonably deemed not relevant to the requesting party's request, or is privileged or otherwise protected, may be withheld.

### 11. PRIVILEGE LOG

a) If a party reasonably determines that one or more responsive documents are not discoverable because they are protected by the attorney-client privilege or work product doctrine, or otherwise not discoverable on the basis of a recognized protection or privilege (collectively, the "Privileges" and each a "Privilege"), the party shall use reasonable efforts to produce a log entry for each document or each category of documents withheld for Privilege. A party may produce a metadata log for some or all of the documents being withheld and the party receiving the log may request additional information for a reasonable number of documents if it cannot in good faith assess the basis for the Privilege claim. Notwithstanding the foregoing, a party is not required to log the following: (1) redacted documents; (2) communications with counsel after the date the complaint in this action was filed; or (3) documents that post-date the complaint and constitute work product prepared in connection with this action.

b) For email communications, only the last-in-time email in the chain will be set forth on

the log.

## 12. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown. Any such modified Stipulated Order will be titled sequentially as follows, "First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation," and each modified Stipulated Order will supersede the previous Stipulated Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| JOSEPH & NORINSBERG LLC | LITTLER MENDELSON, P.C. |
|---|---|
| By: Jitesh Dudani<br>William Oates<br>One World Trade Center, Floor 85<br>New York, NY 10007<br>Tel (212) 227-5700<br>jitesh@employeejustice.com<br>william@employeejustice.com | By: Daniel Gomez-Sanchez<br>Joseph A. Gusmano<br>290 Broadhollow Road, Suite 305<br>Melville, NY 11747<br>Tel (631) 247-4713<br>dsgomez@littler.com<br>jgusmano@littler.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| Dated: 03/05/2026 | Dated: 3/4/2026 |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____       _____

Hon. Paul A. Engelmayer
United States District Judge