UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO MEIER,<br><br>    Plaintiff,<br><br>        -against-<br><br>GOOGLE, LLC., and MARTA MARTINEZ,<br>Individually,<br><br>    Defendants. | Case No. 1:25-cv-02539 (PAE)<br><br>**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER** |

1.    <u>PURPOSES AND LIMITATIONS</u>

    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order <u>pursuant to Federal Rule of Civil Procedure 26(c)</u>. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. The procedures and standards governing the filing of materials under seal in this District are set forth in the Local Civil Rules of the Southern District of New York as well as the applicable individual practice rules of the presiding judge, including but not limited to Local Civil Rule 5.2 and Rule 4(B) of Judge Paul A. Engelmayer's Individual Rules and Practices in Civil Cases.

2.    <u>DEFINITIONS</u>

    2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or

items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel: attorneys who are members in good standing of at least one state bar, who are employees of a Party, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but

are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

    2.11    <u>Party</u>: any party to this action.

    2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

    2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who have been retained by a Party or its counsel to provide litigation support services with respect to this action.

    2.14    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.15<u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material.

3.<u>SCOPE</u>

    The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise

directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

        (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

4

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party when practical identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." During the 21-day period following a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an

exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. In accordance with Local Civil Rule 37.2 and Rule 2(C) of Judge Paul A. Engelmayer's Individual Rules and Practices in Civil Cases, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall submit a letter to the Court in accordance with Rule 2(C) of Judge Paul A. Engelmayer's Individual Rules and Practices in Civil Cases and Local Civil Rules of the Southern District of New York 37.2 and 7.1 within 21 days of the initial notice of the challenge, or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, in accordance with the Local Civil Rules of the Southern District of New York regarding electronic filing and sealing  procedures, including Local Civil Rule 5.2, and any other applicable rules of the presiding judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.[1] When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION). Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to his, her, or its own documents or information produced by that Party in this action.

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner in accordance with Section 12.10 below that ensures that access is limited to the persons authorized under this Order. Protected Material shall not be transmitted by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.

    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

(b) Up to one House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel, including court reporters;

(e) stenographic reporters, videographers and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information.

(h) mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) mediators, arbitrators, or other dispute resolution neutrals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j) the Parties to this action.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Up to one House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d) the Court and its personnel, including court reporters;

(e) stenographic reporters, videographers and their respective staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information.

(g) mediators, arbitrators, or other dispute resolution neutrals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraphs 7.3(c) first must make a written request to the Designating Party[2] that (1) identifies the general

_____

[2] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of

categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, and (4) identifies the Expert's current employer(s).

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion       seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d) In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(e) A party who has not previously objected to disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously produced Protected Material shall

---

any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

not be precluded from raising an objection to an Expert at a later time with respect to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

    If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

    (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

    If the Designating Party timely[4] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[4] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 8(a) to seek a protective order.

The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
        LITIGATION

        (a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

        (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

                1.   promptly notify in writing the other Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

                2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

                3.   make the information requested available for inspection by the Non-Party.

        (c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request but may affix the appropriate controlling designation. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality

agreement with the Non-Party before a determination by the Court.[5] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a security incident or breach, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized security incident or breach; (2) promptly (within 72 hours) provide written notice to Designating Party of such security incident or breach, including information regarding the size, scope, and impact of the breach; (3) investigate and make reasonable efforts to remediate the effects of the security incident or breach; (4) provide Designating Party with assurance reasonably satisfactory to the Designating Party that the security incident or breach shall not recur; and (5) reasonably cooperate with the Designating Party and law enforcement in investigating and responding to any such security incident or breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

11.    <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim.

Any disclosure of communications, information, or documents covered by the attorney-client privilege or work-product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b), to properly assert the attorney-client privilege or work-product protection over disclosed communications, information, and documents.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

12.    <u>MISCELLANEOUS</u>

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached. Furthermore, without application to the Court, any party that is a beneficiary of the protections

of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>No Agreement Concerning Discoverability</u>. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

12.4    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Material shall comply with all applicable export control statutes and regulations. *See, e.g.,* 15 C.F.R. § 734, *et seq.* No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended by Court Order or through the consent of the producing Party to the extent that such agreed to procedures conform

with applicable export control laws and regulations. In the event that a Party wishes to provide Protected Material to an expert outside of the territorial limits of the United States of America, the Parties shall meet and confer in good faith to determine, to the extent otherwise permitted by law, how this may be achieved.

 12.5 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with all applicable Local Civil Rules of the Southern District of New York as well as the applicable individual practice rules of the presiding judge, including but not limited to Local Civil Rule 5.2 and Rule 4(B) of Judge Paul A. Engelmayer's Individual Rules and Practices in Civil Cases. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record only if so directed by the court.

 At any point, a Party may seek to designate and protect previously produced Protected Material as Highly Sensitive Documents/Information (HSD/HSI). The Parties will follow any applicable court orders regarding the procedures for HSD/HSI.

 12.6 <u>Use of Protected Material at Hearing or Trial</u>. A Party shall provide a minimum of two business days' notice to the Designating Party in the event that a Party intends to use any Protected Material during any hearing or trial. Subject to any challenges under Section 6, the Parties will not oppose any reasonable request by the Designating Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

 12.7 <u>No Limitation on Legal Representation</u>. Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that

such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

      12.8   Violations. If any Party violates the limitations on the use of Protected Material as described above, the Party violating this Order shall be subject to sanctions, or any other remedies as appropriate, as ordered by the Court. In the event motion practice is required to enforce the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

      12.9   Agreement Upon Execution. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

      12.10   Data Security. Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material, including restrictions regarding the disclosure or use of Protected Material in any large language models or any artificial intelligence services.[6] The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material. If Protected Material is to be used during a deposition, the Party taking the deposition shall be permitted to specify the technology and instance to be used to conduct the deposition with respect to that Protected Material (e.g., for audio/video-conferencing and exhibits) but shall take the necessary steps to ensure that any artificial intelligence

---

[6] Such restrictions shall, at a minimum, prohibit the disclosure or use of Protected Material in any large language models or artificial intelligence services that are accessible to the public or will capture entered data in order to train what is accessible by the public.

model does not capture data and then store same in a public domain, in accordance with footnote 6. Under no circumstances may a Receiving Party use Protected Material of a Producing Party to train or refine any artificial intelligence systems.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must provide a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel of record for the Parties are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), documents which the Receiving Party must retain as a matter of law, deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that

become a matter of public record. This Court retains and shall have continuing jurisdiction over the

Parties and recipients of the Protected Material for enforcement of this Order following final disposition

of this litigation. All disputes concerning Protected Material produced under the protection of this Order

shall be resolved by the United States District Court for the Southern District of New York.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: _____ 03/05/2026 _____    _____

Attorneys for Plaintiff


DATED: _____ 3/4/2026 _____    _____

Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____ 3/6/2026 _____    _____

PAUL A. ENGELMAYER

U.S. District Judge

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand

the Stipulated Protective Order that was issued by the United States District Court for the Southern

District of New York on _____ **[date]** in the case of Marco Meier v. Google, LLC., and

Martha Martinez, No. 1:25-cv-02539 (PAE). I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

New York agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____
                        [printed name]


Signature: _____
                        [signature]

21