

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, New York 11747


Daniel Gomez-Sanchez
Shareholder
631.247.4713 direct
631.247.4700 main
631.824.9249 fax
dsgomez@littler.com


May 26, 2026


**VIA ECF**


Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007


Re:     Marco Meier v. Google LLC and Marta Martinez
        Civil Action No. 1:25-cv-02539-PAE


Dear Judge Engelmayer:

This law firm represents Defendants Google LLC and Marta Martinez (collectively, "Defendants") in the above-referenced action. We write pursuant to Fed. R. Civ. P. 37, Local Civil Rule 37.2, and Your Honor's Individual Rule 2(E), seeking an order compelling Plaintiff Marco Meier ("Plaintiff") to respond to Defendants' documents request concerning other legal matters involving Plaintiff, including the family court action and related appeal in the *Matter of Marco Meier v. Nicole Chevelier* ("Family Court Action").[1] Due to the frivolity of Plaintiff's arguments against disclosure, Defendants also request that the Court require Plaintiff to pay Defendants' expenses, including its attorneys' fees, associated with making this motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A).

### I.    BACKGROUND

This dispute centers around Plaintiff's abject failure to respond to a simple document request concerning other legal matters to which he was a party or served as a witness.[2] On March 18, 2026, the Supreme Court of the State of New York, Appellate Division, Second Department, issued a decision in the *Matter of Marco Meier v. Nicole Chevalier*, 247 A.D.3d 1039 (2d Dep't Mar. 18 2026). *See* Ex. B. There, the Court rejected Plaintiff's attempt to downwardly modify his child support obligation because Plaintiff **testified**

---

[1] *See Marco Meier v. Nicole Chevalier*, Family Court, Kings County Docket No. F-9156-24/24B; Second Department Appellate Court Docket No. 2025-03750.
[2] An excerpt of Plaintiff's responses to Defendants' document requests is attached hereto as Exhibit A.  The document request at issue here is Request No. 41.

Hon. Paul A. Engelmayer
May 26, 2026
Page 2

that after his separation from Google, *"he chose to work without pay at his family's restaurant business instead of attempting to secure employment commensurate with his education, abilities, and experience." Id.* (emphasis added). Thus, in light of the Court's holding, Plaintiff's testimony, and any other testimony or documents submitted in support or in opposition to his request for a downward modification of his child support obligations are plainly relevant to Plaintiff's economic damages in this action.  In short, the Family Court Action is directly relevant to Plaintiff's duty to mitigate damages.

On May 8, 2026, Defendants' counsel met and conferred via teleconference and questioned Plaintiffs' counsel regarding their failure to identify the Family Court Action and produce documents, pleadings, and transcripts in response to Defendants' document requests. In response, Plaintiffs' counsel first denied any knowledge of the Family Court Action. In the same breath, Plaintiffs' counsel objected to producing any documents or information regarding the Family Court Action on the grounds that it is not relevant to the instant action and designed only to harass Plaintiff. Defendants' counsel then explained that the Family Court Action specifically dealt with the downward modification of Plaintiff's child support obligations, and that it was plainly relevant to economic damages in this action. In the end, Plaintiffs' counsel agreed to speak to Plaintiff about the Family Court Action and revert with their position by May 12, 2026.  On May 13, 2026, Plaintiff's counsel advised they were still looking into the Family Court Action.

On May 19, 2026, Plaintiff's counsel asked to schedule a further meet and confer the following week concerning the Family Court Action.  Defendant's counsel responded by requesting to meet and confer that same week and, if not possible, for Plaintiff to place his position in writing.  On May 21, 2026, Plaintiff placed his position in writing, rejecting Defendants' request for documents related to the Family Court Action.  *See* Ex. C.   In sum, Plaintiff's counsel remain steadfast in their refusal to comply with Defendants' request, arguing that the request is "improper, disproportionate, and designed to harass [Plaintiff]." *See* Ex. C.

Given the Second Department's holding in the Family Court Action, it is unclear how Plaintiff can refuse to produce such records. Thus, it can only be said that either: (1) Plaintiff's counsel plainly fails to recognize the implication of the Second Department's decision on his demand for economic damages in this action; or (2) Plaintiff deliberately failed to disclose the contents of the action out of fear of its implications on this action. Either way, Defendants are entitled to all records, including hearing testimony, concerning Plaintiff's request for a downward modification of his child support obligations.[3]

## II.    LEGAL STANDARD

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of

---

[3] If Plaintiff is intent on non-production, Plaintiff is free to waive his right to seek back pay, front pay, or any other economic damages.

littler.com

Hon. Paul A. Engelmayer
May 26, 2026
Page 3

admissible evidence should be discoverable." *Stollman v. Williams*, No. 20 Civ. 8937, 2022 U.S. Dist. LEXIS 98101, at *11 (S.D.N.Y. June 1, 2022).

When moving to compel discovery, "the moving party must demonstrate that the information sought is discoverable, including, among other things, that it is relevant." *Johnson v. J. Walter Thompson U.S.A., LLC*, 2017 U.S. Dist. LEXIS 111548, at *6-7 (S.D.N.Y. July 18, 2017). Once relevance has been shown, the party refusing to produce discovery must justify curtailing discovery. *Id.*

When a motion to compel discovery is granted, the Court must require the party who refused to comply with the discovery request to pay the movant's expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

### III.    ARGUMENT

It is well-settled that the mitigation efforts (or lack thereof) are relevant and discoverable in an employment discrimination action. *See Carambot v. N.Y.C. Health & Hosp. Corp.*, 24-cv-841, 2026 U.S. Dist. LEXIS 104239, at *6 (S.D.N.Y. May 11, 2026) ("Defendants are correct that plaintiff's post-HHC mitigation efforts and compensation are relevant to her damages claim, and that they 'are entitled to conduct their own discovery into these topics.'"); *Haygood v. Mastercard Int'l Inc.*, 1:25-cv-03548, 2026 U.S. Dist. LEXIS 78266, at *5-6 (S.D.N.Y. Apr. 9, 2026) ("Here, because Plaintiff seeks both back and front pay damages, Plaintiff has a duty to mitigate, and it is proper for Defendant to seek documentation of such mitigation efforts."). Accordingly, documents concerning or reflecting Plaintiff's prior sworn testimony regarding his mitigation efforts are relevant and discoverable.

Having established the relevance of the Family Court Action, the burden shifts to Plaintiff to "justify curtailing discovery." He cannot meet this burden. Plaintiff principally argues that Defendants are not entitled to discovery on the family court action because Plaintiff's mitigation efforts can be explored in less intrusive ways. *See* Ex. C. What Plaintiff fails to acknowledge, however, is that Plaintiff's failure to mitigate damages *has already been litigated*. Defendants should not be forced to relitigate a settled issue, as doing so would undermine principles of finality and judicial economy and risk inconsistent determinations on matters previously adjudicated. Additionally, Plaintiff's argument that the Family Court Act bars discovery into family court proceedings is incorrect. *See Steinberg v. Mount Sinai Med. Ctr, Inc.*, 12 Civ. 51, 2014 U.S. Dist. LEXIS 44033, at *19-20 (E.D.N.Y. Mar. 31, 2014) (permitting discovery on child abuse records maintained by state agency despite federal and state laws requiring confidentiality of same).

Finally, the Court should Order Plaintiff to pay Defendants' expenses associated with making this motion. Plaintiff's failure to acknowledge the import of the Second Department decision and the underlying family court matter is inexplicable, at best, and intentional, at worst. Therefore, an award of expenses is appropriate. *See Infinity Headwear & Apparel v. Jay Franco & Sons*, 15-CV-1259, 2017 U.S. Dist. LEXIS 162387, at * 17-21 (S.D.N.Y. Sept. 29, 2017) (awarding fees and costs to movant after successful motion to compel discovery).

littler.com

Hon. Paul A. Engelmayer
May 26, 2026
Page 4

## IV.    CONCLUSION

In sum, Defendants respectfully request that this Court issue an Order compelling Plaintiff to produce all pleadings, discovery, and hearing transcripts concerning the Family Court Action. Further, Defendants request that the Court award Defendants its costs and fees associated with making this motion.

Respectfully Submitted,

*/s/ Daniel Gomez-Sanchez*

Daniel Gomez-Sanchez
Joseph A. Gusmano

Encls.

cc:    All attorneys of record (via ECF)

Per the Court's Individual Rule 2(E) governing discovery disputes, Meier's response to defendants' letter is due Monday, June 1, 2026. The Court does not invite replies.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 27, 2026
       New York, New York